# FALL SESSIONS,

## 1901.

———•———

NEIL KELLY, Administrator of CHARLES D. KELLY, deceased, *vs.* CHARLES R. JEFFERIS, Administrator c. t. a. of MARY KELLY, deceased.

*Amicable Action—Case Stated—Will—Legacy ; Vesting of—Intention of Testator—Administrator.*

1.   A by will bequeathed as follows: "I leave or bequeath for the care of my baby five hundred dollars." The baby survived his mother, and died at the age of about two and a half months. *Held*, that it was the intention of the testator that the legacy should be for the benefit of her child in any event; that the failure to apply it to his care or maintenance did not defeat the legacy; that it became vested on the death of the testator, and was payable to the administrator of the legatee.

2.   Where a legacy is given to a person for a particular purpose, to which it becomes impossible to apply it without the fault of the legatee, the legacy will vest on the death of the testator.

3.   A legacy for the care of a person is substantially the same as a legacy for the maintenance of such person. A legacy for the maintenance of a person during life does not fail by reason of the non-payment or non-application of the money during the life time of the legatee.

(*Opinion delivered September 24, 1901.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William Michael Byrne* for plaintiff.

*George Lodge,* for defendant.

Superior Court, New Castle County, May Term, 1901.

AMICABLE ACTION.   CASE STATED (No. 143, February Term, 1901).

SPRUANCE, J., delivering the opinion of the Court:

This action is brought by the administrator of Charles D. Kelly, against the Administrator c. t. a. of Mary Kelly, for the recovery of a legacy of $500 claimed to have been bequeathed by the will of the said Mary Kelly to the said Charles D. Kelly.

The following are the material facts set forth in the case stated.

Shortly before her death the said testator made and executed the following will:

"Wilmington, Del., April 23, 1897.
" In the name of God Amen.

" I, the undersigned, being of sound mind, do in this twenty-third day of April, in the year eighteen hundred and ninety-seven, declare this to be my last will and testament. I leave or bequeath for the care of my baby five hundred dollars. To my husband $10. After the paying of my personal and funeral expenses I bequeath whatsoever I have left to my father and mother.

" I ask the Rev. Jas. P. Quigley to be my executor.

her<br>" MARY X KELLY.<br>mark

"Witnesses: SARAH K. BURNITE,
    "JAMES P. QUIGLEY."

The testator died on or about the said twenty-third day of April, 1897, and on the twenty-ninth day of the same month said will was admitted to probate, and (the executor therein named having renounced) letters of administration c. t. a. were granted to the defendant by the Register of Wills of said county.

The said Charles D. Kelly was the child of the said testator and was the person referred to in said will as "my baby." He survived his mother, and died on or about the seventh day of July, 1897, at the age of about two and a half months. Afterwards

letters of administration upon his estate were granted to the plaintiff by the said Register of Wills. No part of said legacy was ever applied for the care of the said child, and the defendant has in his hands, after deducting all prior claims, assets more than sufficient for the payment of said legacy.

Where a legacy is given to a person for a particular purpose, to which it becomes impossible to apply it without the fault of the legatee, the legacy will vest on the testator's death, and the legatee will be entitled to the money, because it is to be presumed that the property was intended for the benefit of the legatee at all events, and that the mode of its application was a secondary consideration, and independent of the gift.

*1 Roper on Leg., 646.*

In *Barlow vs. Grant, 1 Vern., 255,* a legacy of £30 was given to an infant to bind him an apprentice. The infant having died before he attained a competent age to be placed out as an apprentice, it was held that the legacy should go to his executor or administrator.

In the present case the non-application of the legacy, or any part of it, for the care of the child during the brief period of his life was, of course, wholly without his fault.

There are other cases in which legacies given for particular purposes to which they were not applied have been held to have become vested on the testator's death, and payable to the legatee, without regard to the question whether the beneficiaries were or were not responsible for the non-application of the money as directed.

In *Nevill vs. Nevill, 2 Vern., 431,* the testator bequeathed £500 to the eldest son of John Nevill to place him out as apprentice. After the death of the testator the eldest son of John Nevill brought a bill for said legacy. It was objected that the legacy was given for a particular purpose, viz., to place the plaintiff out apprentice, and that he was not entitled until fit to be placed out. The legacy was decreed to be paid to the plaintiff.

In *Cope vs. Wilmot, Ambler, 704,* the testator directed his trustees to raise and pay any money they should think fit, proper and convenient, not exceeding £3000, for the advancement of the plaintiff in any business, art or profession, or in any civil or military employment. The trustees expended about £1100 in the purchase of a commission in the army for the plaintiff and in his equipment. The plaintiff brought his bill to have the remainder of the £3000 raised and paid him. It was, among other things, objected that the testator did not intend the plaintiff should receive any part of the £3000 in money, but only by advancement in business, etc. *Held* that the will was to be construed as a gift of £3000 in all events, to the plaintiff, either by advancement, or in money, and it was decreed that the remainder of the £3000 should be paid to the plaintiff.

It is obvious that a legacy for the care of a person is substantially the same as a legacy for the maintenance of such person. It is well settled that a legacy for the maintenance of a person during life does not fail by reason of the non-payment or non-application of the money during the life time of the legatee.

In *Mount's Appeal, 107 Pa. St., 402,* the testator by his will directed that his farm be rented by his executor, and the proceeds applied to the support of his wife during her life, and the surplus, if any, to be paid as thereinafter directed. Under an order of Court the farm was sold by the executor for the payment of debts, and the balance of the proceeds, after such payment, was invested. The widow received the interest thereon for several years, but then went to live with her daughter, and thereafter took only a small part of the interest from the executor. Shortly before the death of the widow the executor requested her to take the interest, but she refused, and told him, after paying certain bills, to give the balance to her daughter.

The widow, by her will, bequeathed all of her property to her daughter.

The Court held that, as said interest was not more than suffi-

cient for the widow's support, she might during her life time have received and appropriated to her own use the whole of it, without accounting to any one as to how she used it; that she had not abandoned it, and that it passed to her daughter under her will.

In the present case the bequest was of the sum of $500, and not merely of its interest; there was no limit of time within which it was to be used; there was no discretion given to any one as to the application of the money for the care of the child; and there was no limitation over in case the money should not be so used.

If no part of the legacy had been paid or used for the care of the child during his minority, he would beyond question have been entitled to receive the whole of it upon attaining his majority, and would have been accountable to no one for the use he might make of it.

We are of the opinion that it was the intention of the testator that this legacy should be for the benefit of her child in any event; that the failure to apply it to his care or maintenance did not defeat the legacy; that it became vested on the death of the testator; and that it is now payable to the plaintiff, the administrator of the legatee.

It is therefore ordered that judgment be entered in favor of the plaintiff for the sum of $500, with interest thereon from the twenty-ninth day of April, 1898, and costs of suit.